## Case No. 16,074.

### UNITED STATES v. PORTER.

[Brunner, Col. Cas. 54; [1] 3 Day, 283.]

Circuit Court, D. Connecticut. 1808.

EVIDENCE—CONTRACT IN WRITING—HOW PROVED—INDICTMENT—MATERIAL ALLEGATIONS.

1. Where a party states a contract which from evidence exhibited on the trial appears to have been in writing, he must either produce it or show that it is not in his power to produce it; otherwise, no proof of its execution or contents will be received.

[Cited in U. S. v. Brown, Case No. 14,666.]

2. An allegation in an indictment which is not impertinent or foreign to the cause must be proved, though a prosecution for the same offense might be supported without such allegation.

This was an indictment charging "that before, on, and ever since the 1st day of February last, the public highway from the city of New York, on the road through Danbury, Litchfield, and Farmington, and from thence to Hartford, by force of the several acts of the congress of the United States relating to postoffices and post-roads was made, and still is, a post-road designated for the transportation of the public mails of the United States; and during all the period from and after the 1st day of December, in the year 1806, until the 1st day of April, in the year 1807, certain persons were, in virtue of the provision of the said several acts of the said congress of the United States, authorized, employed, and bound by contracts lawfully made by and with the postmaster-general of the United States, to transport and carry the said public mails of the United States from the said city of New York to the city of Hartford, and from

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

thence back to said city of New York, on the route through Danbury, Litchfield, and Farmington; that on the 31st day of January now last past, in a certain four-wheeled carriage for that purpose provided, and drawn by four horses, they, the said persons so as aforesaid by the said postmaster-general authorized and employed, were, in compliance with and fulfillment of their said engagements, transporting a public mail of the United States from the city of New York to said city of Hartford, one Isaac Kellogg, a mail carrier, lawfully employed, and sworn to a faithful discharge of his said duty as such, as the laws of the said United States require, then having the care and charge of the said mail, carriage, and horses, so as aforesaid used and employed in the transportation of said public mail; that at Farmington aforesaid, on the 31st day of January and 1st of February now last past, Joseph Porter of Farmington aforesaid, being not ignorant of but well knowing all the facts hereinbefore stated, with intent unlawfully and wilfully to obstruct, retard, hinder and stop the passage of said public mail of the United States, then and there, with force and arms, did seize and stop said horses and carriage in which said mail was then deposited; and with like force and arms, violence and strong hand, did seize the said Isaac Kellogg, then having the care and charge of said public mail, transported as aforesaid, and then in the act of driving and guiding said horses, and transporting said mail in the public highway, and on said post-road, on the route aforesaid; and said driver, horses, and carriage, with said public mail, did stop and forcibly drag said mail carrier from said carriage, and then, at Farmington aforesaid, him, the said mail carrier, with said public mail of the United States, and horses and carriage used in transporting the same, did knowingly and wilfully obstruct, stop, and detain for a long time, to wit, for the space of more than fifteen hours; contrary to the form, force, and effect of the act of congress of the United States in such case made, and then in force, entitled 'an act to establish the postoffice of the United States.' " 4 Stat. 102.

The District Attorney and Mr. Wolcott, for the United States.

Goodrich, Daggett & Dwight, for defendant.

Before LIVINGSTON, Circuit Justice, and EDWARDS, District Judge.

The defendant pleaded not guilty.

The district attorney offered a witness to prove the contract with the postmaster-general for the transportation of the mail, stated in the indictment. He was sworn and was about to testify to the terms of the contract, when

LIVINGSTON, Circuit Justice, inquired if it was in writing.

The witness answered, yes.

Daggett, for defendant, objected to any parol evidence of this contract, insisting that the writing itself ought to be produced.

The district attorney said it was in the hands of one Ely of New York, who refused to give it up, and we could not compel him to produce it.

LIVINGSTON, Circuit Justice, said Mr. Attorney had shown that it could be produced; he had named the person who had it, and stated where he lived. Mr. Attorney ought to have compelled Ely to attend and produce the contract. Nothing is clearer than that proof of the contents of a writing cannot be received, unless it be shown that it could not be produced.

PER CURIAM.—The evidence offered is inadmissible.

Wolcott, for the prosecution. We shall take this ground, that the allegation in the indictment of a contract with the postmaster-general is mere surplusage, and consequently that no proof of it is necessary. The words of the statute are, "that if any person shall knowingly and wilfully obstruct or retard the passage of the mail, or of any driver or carrier, or of any horse or carriage carrying the same, he shall, upon conviction, for every such offense, pay a fine," etc. 4 Stat. 104, § 3. That the mail should be carried in pursuance of a contract with the postmaster-general is a qualification not found in the statute. The mail is, in fact, carried on some of the most important routes in the United States, without any previous contract. It is so carried between Baltimore and Philadelphia, and between the city of Washington and New Orleans. There cannot be a doubt whether if the mail be obstructed on these routes the penalty shall accrue. If we prove all that is necessary to subject the defendant, there must be a verdict against him whether other matters stated in the indictment be proved or not.

Daggett, in reply. This allegation is not impertinent matter; it is in no sense foreign to the cause. The obstruction contemplated by the statute is of a mail carried by the direction and under the authority of the postmaster-general. The indictment sets forth the manner in which such direction was given, in which such authority was derived. Now, though this allegation be more particular than it was necessary it should be, yet having been made it must be proved. This is the rule even in civil cases. Bristow v. Wright, Doug. 665. It applies more strictly in criminal cases.

EDWARDS, District Judge, was of opinion that no prosecution for obstructing the passage of the mail could be supported without showing a written contract with the postmaster-general.

LIVINGSTON, Circuit Justice, inclined to think that an indictment might be so framed as to subject the defendant without proof of a written contract; yet as this indictment states a contract which is not impertinent or foreign to the cause, he was clearly of opinion that it ought to be proved. The court will be more strict, he added, in requiring proof of the matters alleged in a criminal than in a civil case.

The district attorney rose and said he would enter a nolle prosequi

LIVINGSTON, Circuit Justice, observed that the defendant was entitled to a verdict of acquittal if he wished it.

The defendant's counsel said he wished for a verdict.

LIVINGSTON, Circuit Justice, then addressed the jury thus: No evidence at all being adduced against the defendant, it will be your duty, without leaving your seats, to find a verdict of not guilty.

The jury immediately found a verdict accordingly.

Indictment, material allegations in, must be proved. See State v. Stebbins, 29 Conn. 471; U. S. v. Brown [Case No. 14,666]; citing case in text approvingly.